William L. Richards, Jr., and Frances M. Richards v. Commissioner.
Richards v. Commissioner
Docket No. 4601-64.
United States Tax Court
T.C. Memo 1966-23; 1966 Tax Ct. Memo LEXIS 259; 25 T.C.M. (CCH) 120; T.C.M. (RIA) 66023; January 27, 1966
William L. Richards, Jr., pro se, 7475 Silver Lane, Dayton, Ohio. C. Samuel Whitehead, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in the petitioners' income tax for 1962 in the amount of $117.87. The only issue is whether the entire amount of certain mortgage payments, or only one-half of such payments, made by petitioner *260 William L. Richards, Jr. during the year 1962 is deductible as periodic payments of alimony under section 215(a) of the Internal Revenue Code of 1954. [1]
All of the facts have been stipulated and they are so found. William L. Richards, Jr. and Frances M. Richards, husband and wife, are residents of Dayton, Ohio. They filed a joint Federal income tax return for 1962 with the district director of internal revenue, Cincinnati, Ohio. William L. Richards, Jr. will hereinafter be called the petitioner. By a deed dated December 6, 1951 one Edythe R. Crim conveyed certain residence property in Dayton, Ohio, to petitioner and his former wife, Mary Ellen Richards (also known as Mary T. Richards). A mortgage deed on the property was executed by petitioner and his former wife, Mary, on September 9, 1952. Petitioner and his former wife, Mary, were divorced by decree of the Common Pleas Court of Montgomery County, Ohio, on December 17, 1958. On December 11, 1958 the petitioner and Mary had signed a separation agreement which was approved and confirmed by the *261 court in the divorce action. The separation agreement provided, in part, as follows: NOW, THEREFORE, in consideration of the mutual promises, conditions and covenants hereinafter set forth, all of which are agreeable to said parties, and which have been explained to the parties, IT IS HEREBY AGREED by and between the parties as follows.. (1) William L. Richards, Jr. shall forthwith deliver to his minor children; namely, Ruth Ann Richards, William Richards, Barbara Richards and Rebecca Richards a Quit Claim deed conveying all of his right, title or interest in and to the residence property * * * [in] Dayton, Ohio. * * *
(3) William L. Richards, Jr., shall pay each and every month, as the same become due, the payments due upon the mortgage covering Lot No. 47669 in the City of Dayton and referred to herein as the residence property, which payments include the principal, interest, insurance, taxes and assessments. Said mortgage being held by Society for Savings, Cleveland, Ohio. Said payments shall continue until he has fully paid said mortgage indebtedness. Pursuant to the separation agreement petitioner executed and delivered to the four children a quit claim deed conveying *262 to the children all of petitioner's right, title and interest in the residence property. During the year 1962 the petitioner made mortgage payments in the amount of $1,272 and deducted this amount on his 1962 return as alimony. Respondent disallowed one-half of the amount claimed by petitioner as an alimony deduction. It would appear that petitioner and his former wife held the residence property as tenants in common under the 1951 deed. See 14 Ohio Jur. 2d, Cotenancy, sections 2, 6. When petitioner, pursuant to the separation agreement conveyed his interest in the property to his children, they became cotenants of the property with their mother, see 14 Ohio Jur. 2d, Cotenancy, section 18, and consequently, petitioner was left without any further interest in the residence property. Under these facts we do not believe that petitioner may deduct as alimony payments under section 215(a) more than one-half of the mortgage payments made by him in 1962. Section 215(a) allows a deduction only for amounts which are includable in the wife's gross income under section 71. Under a tenancy in common, each tenant has a several and distinct estate in the property and holds his interest independently *263 of the other. 2 Tiffany, The Law of Real Property (3d ed.) sec. 426. Consequently, we do not see how the portion of the mortgage payments attributable to the separate and distinct interest of the chidren in the residence property conferred any economic benefit on the former wife. Each mortgage payment, to the extent of one-half, served only to increase the equity of the children in their share of the property held as cotenants. Absent any element of survivorship in the property, this economic benefit which clearly insures to the separate estate of the children cannot, under some tortured rationale, be said to also inure to the former wife, constructively or otherwise. Without such economic benefit, there is nothing which could properly be includable in the former wife's gross income under section 71 and which would, correspondingly, be deductible by the petitioner under section 215. We have examined the prior cases in this area involving the deductibility under section 215(a) (or section 23(u) of the Internal Revenue Code of 1939) of insurance premium payments and of mortgage payments on residential property. See Kiesling v. United States, 349 F. 2d 110 (C.A. 3, 1965); *264 Seligmann v. Commissioner, 207 F. 2d 489; Neely B. Taylor, Jr., 45 T.C. 120; and James Parks Bradley, 30 T.C. 701. Where the deductions were disallowed in such cases, it was generally on the ground that the wife's economic benefits resulting from the husband's payments were either not established or were too contingent and speculative to warrant inclusion in the wife's gross income under section 71 (or section 22(k) of the Internal Revenue Code of 1939). In some of the cases where the husband still owned or had a continuing interest in the insurance policy, or in the property covered by the mortgage payments, there appears to exist some concern, generally unvoiced, that the periodic payments which the husband sought to deduct were, in actuality, increasing the value of assets which could ultimately inure to him. Such considerations do not exist in the case before us, since the record shows that the petitioner has completely relinquished any interest in the residence property in question. We find, and so hold, that the petitioner is entitled to a deduction under section 215(a) for only one-half of the mortgage payments made by him in 1962. *265 Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩